UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CAMERON BELL,

Plaintiff,

v.

CORE CIVIC, et al.

Defendants.

Case No. 2:17-cv-02709-JAD-PAL

ORDER

(Mot Appt Counsel – ECF No. 26)

Before the court is plaintiff's Motion for Appointment of Counsel (ECF No. 26). The court has reviewed plaintiff's motion and defendants' Response (ECF No. 28).

Mr. Bell states that he is unable to afford counsel and requests appointed counsel because the issues in this case are complex, he has limited knowledge of the law and no training, he believes the interests of justice would be best served, and he does not have an investigator.

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). Pursuant to 28 U.S.C. § 1915(e)(1), the court may ask an attorney to represent a litigant proceeding *in forma pauperis* ("IFP"). The Supreme Court has held that the IFP statute "does not authorize the federal courts to make coercive appointments of counsel," it merely allows the court to "request" that an attorney represent an indigent litigant on a pro bono basis. *Mallard v. United States Dist. Court*, 490 U.S. 296, 304–05 (1989); *see also United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986) (courts cannot direct payment for a litigant's attorney's fees).

The appointment of counsel for indigent civil litigants is limited to cases presenting "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The word "exceptional" is

1

defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015). In deciding whether to appoint counsel, the court should consider: (1) the likelihood of success of the pro se party's claims on the merits, and (2) the ability of the party to articulate claims pro se in light of the complexity of the legal issues involved. *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (finding that neither factor is controlling).

The court fully appreciates that it is difficult for an unrepresented party to prosecute or defend a federal civil lawsuit and that almost every litigant would be better served by being represented by counsel. A large percentage of civil plaintiffs and defendants prosecuting and defending federal civil cases in this district and in this circuit represent themselves. However, the court cannot require a lawyer to accept an appointment in a civil case and the number of lawyers willing to accept an appointment is small. Mr. Bell has not established exceptional circumstances warrant appointment of counsel.

Having reviewed and considered the matter,

**IT IS ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 26) is **DENIED**.

DATED this 15th day of November 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE