**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Cameron Bell, | Case No. 2:17-cv-02709-JAD-BNW |
| Plaintiff | |
| v. | **Order Denying Appeal of Order Denying Motion to Appoint Counsel** |
| Core Civic, et al., | |
| | [ECF No. 44] |
| Defendant | |

Pro se prisoner Cameron Bell sues Core Civic, the operator of the Nevada Southern Detention Center, and two of its corrections officers for battery, negligence, and negligent infliction of emotional distress.[1] Bell has thrice moved the court to appoint counsel to represent him in this case,[2] and each time, that request has been denied.[3] Bell appeals the latest denial, arguing "(1) Appellant is indigent without funds to hire an Attorney. (2) Apellant [sic] is filing this motion within the Court's Fourteen (14) Day limit."[4] This is the full extent of Bell's argument.

When a litigant challenges a magistrate judge's ruling on a pretrial matter like this one, he must show that the "order is clearly erroneous or contrary to law."[5] The objecting party "must file and serve specific written objections"[6] After considering those objections, "[t]he

---

[1] ECF No. 15 (screening order).

[2] ECF Nos. 2, 26, 38.

[3] ECF Nos. 15, 29, 41.

[4] ECF No. 44 at 1.

[5] 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a).

[6] *Id.*

district judge may affirm, reverse, or modify in whole or in part, the magistrate judge's order" or "remand the matter to the magistrate judge with instructions."[7]

Bell has not offered specific objections to the magistrate judge's order, let alone shown that it is clearly erroneous or contrary to law.  He has not pointed to anything wrong in the order or shown why it was wrong.  Instead, he attaches his motion and essentially asks the district court to consider it anew.

The fact that Bell lacks the financial resources to hire an attorney does not entitle him to a court-appointed one.  Unlike criminal defendants, civil plaintiffs have no right to appointed counsel, and the court does not have resources to hire attorneys to represent indigent people who file lawsuits.  At most, the court can request that an attorney volunteer her time and represent an indigent litigant on a pro bono (free) basis.  Because counsel willing to take on such cases for free are scarce, such appointments are exceptional, out of the ordinary course, unusual, and rare.[8] In none of his three motions—and not in this instant appeal—has Bell shown exceptional circumstances to justify the appointment of counsel here.

As Bell has failed to provide the court any basis to disturb the magistrate judge's ruling, IT IS HEREBY ORDERED that Bell's appeal of the magistrate judge's order [ECF No. 41] denying his third motion to appoint counsel **[ECF No. 44] is DENIED.**

**Bell is cautioned that** the court has now considered his request for counsel four separate times and thoughtfully denied each one; **further requests for appointed counsel will be considered a litigation abuse and sanctions may be imposed.**

Dated: May 29, 2019

_____  _____
U.S. District Judge Jennifer A. Dorsey

---

[7] LR IB 3-1(b).

[8] *See* ECF No. 41 (collecting authorities).