**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CAMERON BELL, | Case No. 2:17-cv-02709-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| CORE CIVIC, et al., | |
| Defendants. | |

Plaintiff Cameron Bell brings this lawsuit for events he alleges occurred during his incarceration at Nevada Southern Detention Center. The court screened his complaint under 28 U.S.C. § 1915A and allowed his state-law tort claims of battery, negligence, and negligent infliction of emotional distress to proceed based on diversity jurisdiction against defendants Correctional Officer McMurtrey, Warden Janice Killian, and CoreCivic, Inc. (Order (ECF No. 15).) Presently before the court are the following motions:

Bell's Motion for Issuance of Subpoena Documents and Witness Forms (ECF No. 42), filed on March 11, 2019. CoreCivic and McMurtrey filed a response (ECF No. 43) on March 26, 2019.

CoreCivic and McMurtrey's Motion to Extend Time to File Discovery Motions (ECF No. 45), filed on April 25, 2019. The motion is unopposed.

Bell's Ex Parte Motion for Issuance of Subpoena Duces Tecum for Psychology Records (ECF No. 46), which was filed under seal on April 25, 2019. The motion is unopposed.

Bell's Ex Parte Motion for Issuance of Subpoena Duces Tecum for Documents, Video Surveillance, and Photographs of the Incident (ECF No. 47), which was filed under seal on April 25, 2019. The motion is unopposed.

CoreCivic and McMurtrey's Motion to Extend Time to File Dispositive Motions (ECF No. 49), filed on May 13, 2019. The motion is unopposed.

Bell's Motion to Extend Time to File Discovery Motions (ECF No. 50), filed on May 20, 2019. CoreCivic and McMurtrey filed a response (ECF No. 56) on June 4, 2019. Bell did not file a reply.

Bell's Motion for Leave to Amend Complaint (ECF No. 51), which was filed under seal on May 20, 2019. CoreCivic and McMurtrey filed a response (ECF No. 57) on June 5, 2019. Bell did not file a reply.

Bell's Motion for Status Report and Teleconference (ECF Nos. 61, 62), filed on August 19, 2019. CoreCivic and McMurtrey filed a response (ECF No. 64, 65) on September 3, 2019. Bell did not file a reply.

Bell's Motion for Scheduling Order to be Amended (ECF No. 63), filed on August 19, 2019. CoreCivic and McMurtrey filed a response (ECF No. 66) on September 3, 2019. Bell did not file a reply.

**I.  Motion for subpoena documents and witness forms (ECF No. 42)**

Bell requests that the court provide him with "subpoena documents and witnesses forms." CoreCivic and McMurtrey respond that Bell's one-sentence motion should be denied because it is vague and does not specify whom he intends to subpoena or what documents or information he needs.

Federal Rule of Civil Procedure 45 governs subpoenas, which are the mechanism for obtaining discovery and testimony from non-parties. Fed. R. Civ. P. 45. "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." Fed. R. Civ. P. 45(a)(3); *Trevino v. Dotson*, 2:15-cv-05373-PJH, 2017 WL 2224833 at *1 (N.D. Cal. May 22, 2017) (stating that the clerk of court must issue Rule 45 subpoenas for pro se litigants).

Although the motion is somewhat unclear, the court understands Bell to be requesting form subpoenas for a civil case, e.g., form AO 88, Subpoena to Appear and testify at a Hearing or Trial in a Civil Action; form AO 88A, Subpoena to Testify at a Deposition in a Civil Action; and form AO 88B, Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of a Premises in a Civil Action. The court will grant Bell's motion and order the clerk of court to send him copies of the subpoena forms for civil cases for his reference. Bell is advised, however,

that because he is proceeding pro se and is not authorized to practice law and is not an officer of the court, he is not authorized to sign and issue a subpoena. Thus, to the extent Bell seeks to issue any subpoenas, he must request the court's permission and if his request is granted, the court will order the clerk to issue the subpoenas.

## II. Motion to extend time to file discovery motions (ECF No. 45)

CoreCivic and McMurtrey request a 30-day extension of the deadline to file discovery motions, arguing they are attempting to resolve various discovery disputes with Bell without court intervention. CoreCivic and McMurtrey's attorney represents that before filing the motion to extend time, she sent two letters to Bell regarding the disputed discovery responses, but that the meet-and-confer process has been slowed down due to the fact Bell is incarcerated. Also, defendants' attorney was in trial. Bell did not oppose the motion.

Motions or stipulations to extend deadlines must be made "no later than 21 days before the expiration of the subject deadline." LR 26-4. "A request made within 21 days of the subject deadline must be supported by a showing of good cause." *Id.*; *see also* Fed. R. Civ. P. 16(a)(4) (stating that "a schedule may be modified only for good cause and with the judge's consent"). As stated in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), the good cause standard primarily considers the diligence of the party or parties seeking the extension. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* at 609 (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).

Here, the court finds CoreCivic and McMurtrey have been diligent in propounding written discovery and in meeting and conferring with Bell regarding the disputed discovery responses. Thus, there is good cause to extend the deadline for discovery motions from May 2, 2019, until June 3, 2019. Additionally, Bell's failure to respond to the motion constitutes a consent to the

granting of the motion. *See* LR 7-2(d). Regardless, because defendants ultimately did not file any discovery motions, the court will deny the motion as moot.[1]

**III.     Ex parte motions for issuance of subpoenas (ECF Nos. 46, 47)**

Bell moves for issuance of a subpoena to the Bureau of Prisons requesting his psychology records. He also moves for the issuance of a subpoena to Nevada Southern Detention Center for reports, video surveillance, and photographs related to the incident at issue in this case. The motions were filed on a sealed and ex parte basis. Although the motions both include a certificate of service stating they were served, the certificates of service do not specify the person or entities on whom the motions were served.

Federal Rule of Civil Procedure 45 provides that a subpoena commanding production of documents may either be issued separately or in conjunction with a subpoena to attend a deposition. Fed. R. Civ. P. 45(a)(1)(C). A Rule 45 "subpoena must issue from the court where the action is pending. " Fed. R. Civ. P. 45(a)(2). A Rule 45 subpoena must be served on the person or entity to whom it is issued. Fed. R. Civ. P. 45(b)(1). "If the subpoena commands the production of documents, electronically stored information, or tangible things the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4); *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 967 n.9 (9th Cir. 2014). The purpose of the notice requirement is to give the other parties an opportunity to object to or challenge the subpoena before the production occurs or to serve a subpoena for additional materials. Fed. R. Civ. P. 45 advisory committee's note (2013).

Here, the motions were filed on a sealed and ex parte basis, and it is unclear from the certificates of service whether CoreCivic and McMurtrey were served with the motions. Rule 45(a)(4) requires advance notice of subpoena duces tecum to defendants so they may determine

---

[1] The court notes that in their motion for summary judgment, defendants indicate that if given more time to file discovery motions, they would do so. Given that several months have passed since the motion for summary judgment was filed, it is unclear to the court whether defendants' position remains the same.

whether to object to the subpoena or serve their own subpoenas for additional documents. Given these procedural defects, the court will deny the motions without prejudice for Bell to renew the motions with notice to defendants. The court further will order the clerk of court to unseal the motions so they are accessible to the public. Given that the court is denying the motions based on these procedural defects, the court does not reach the issue of whether the issuance of the requested subpoenas would be proper.

**IV.     Motion to extend dispositive motions deadline (ECF No. 49)**

CoreCivic and McMurtrey moved to extend the dispositive motions deadline from June 3, 2019, until August 3, 2019. Bell did not oppose the motion, which constitutes a consent to the granting of the motion. *See* LR 7-2(d). But defendants subsequently filed their motion for summary judgment on June 3, 2019. The court therefore will deny their motion as moot.

**V.     Motion to extend time to file discovery motions (ECF No. 50)**

Bell requests a 30-day extension of the deadline to file discovery motions, arguing CoreCivic and McMurtrey have not timely responded to his written discovery requests including requests for admissions and interrogatories. CoreCivic and McMurtrey respond that Bell does not demonstrate good cause for the extension as his motion was filed 18 days after the court-ordered deadline to file discovery motions. They further respond that Bell did not timely serve the written discovery at issue but that they nevertheless responded. Bell did not reply.

As previously discussed, motions to extend deadlines must be made no later than 21 days before the expiration of the deadline and must be supported by a showing of good cause. Fed. R. Civ. P. 16(b)(4); LR 26-4. "A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-4. In evaluating excusable neglect, the court considers the following equitable factors: (1) the reason for the delay, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)). It is within the

court's discretion to determine whether excusable neglect exists. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Here, Bell's motion was filed on May 20, 2019. (Mot. to Extend Time (ECF No. 50).) The court's scheduling order provides that discovery motions were due by May 2, 2019. (Order ECF No. 35).) Given that Bell's motion was filed after the court-ordered deadline, the court applies the excusable neglect standard. There is no evidence Bell acted in bad faith, and the court is sympathetic to the difficulties and burdens faced by pro se parties, particularly those who are incarcerated. Although Bell states the delay in brining the motion was due to defendants' failure to respond to discovery, defendants represent to the court that they responded to Bell's discovery on May 10, 2019, and Bell did not file a reply indicating otherwise. Given that discovery is closed and the parties have filed their motions for summary judgment, allowing discovery motions at this point would result in significant delay in this case and would prejudice the defendants. The court therefore will deny Bell's motion.

## VI. Motion to amend complaint (ECF No. 51)

Bell moves to amend his complaint. The court understands Bell to be requesting to amend the complaint to add the Eight Amendment claim that the court previously dismissed at the screening stage. (*See* Screening Order (ECF No. 15).) Bell attaches to his motion a proposed second amended complaint that brings claims for battery, negligence, and negligent infliction of emotional distress against CoreCivic, McMurtrey, and Warden Janice Killian.

CoreCivic and McMurtrey respond that the motion should be denied because it is unclear what claims Bell seeks to add. They further respond that Bell's motion to amend is untimely and should be denied under Rule 16(b) because Bell has not shown good cause to amend the scheduling order. To the extent Bell is attempting to add an Eighth Amendment claim, defendants argue the motion should be construed as a motion for reconsideration of the screening order. Bell did not file a reply.

As a general rule, "a party may amend its pleadings once as a matter of course" within twenty-one days of service, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party must obtain the

opposing party's consent or leave of the court. Fed. R. Civ. P. 15(a)(2). The court has broad discretion to grant or deny leave to amend, but it should grant leave when "justice so requires." *Id.*; *see also Mir v. Fosburg*, 646 F.3d 342, 347 (9th Cir. 1980). The court may consider "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

However, when the court has entered a pretrial scheduling order under Rule 16 of the Federal Rules of Civil Procedure, a request for leave to amend the pleadings is controlled by Rule 16(b), rather than Rule 15(a). *See Johnson*, 975 F.2d at 608-09. Only if the movant establishes good cause to modify the scheduling order under Rule 16 does the court consider whether amendment is proper under Rule 15. *See id.* at 609. Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609 (good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension"). A party's carelessness cannot support a finding of diligence. *Id.*

Here, Bell's motion to amend does not specifically request a modification of the scheduling order, but a motion to amend the pleadings after the court-ordered deadline is a de facto request to modify the scheduling order. *See Johnson*, 975 F.2d at 608-09. Given that the scheduling order provided March 18, 2019 and Bell's motion to amend was filed on May 20, 2019, as the deadline to amend the pleadings, the court will evaluate plaintiff's motion according to Rule 16's good cause standard and the LR 26-4's excusable neglect standard. *See* LR 26-4(a) (a request to extend a scheduling order deadline made fewer after the expiration of the deadline must be supported by a showing of excusable neglect in addition to good cause). As discussed above, in evaluating excusable neglect, the court considers the following equitable factors: (1) the reason for the delay, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *Bateman*, 231 F.3d at 1223-24.

Given that Bell does not explain why he filed an untimely motion to amend, the court does not have a basis to evaluate whether there was good cause and excusable neglect for Bell's failure to comply with the court-ordered deadline. Even if Bell's motion was timely filed, however, it is unclear to the court what Bell seeks to accomplish through amendment. The court understands Bell to be moving to add an Eighth Amendment claim. But Bell's proposed second amended complaint that is attached to his motion does not include an Eighth Amendment claim. Instead, comparing the operative amended complaint (ECF No. 16) to Bell's proposed second amended complaint (ECF No. 51), it appears the documents have nearly identical factual allegations, except that in the second amended complaint Bell goes on to articulate the three claims that are already pending and were identified in the court's screening order: battery, negligence, and negligent infliction of emotional distress. The proposed seconded amended complaint does not add any additional parties. Thus, it does not appear to the court Bell's second amended complaint would serve any purpose as his battery, negligence, and negligent infliction of emotional distress claims are already pending against defendants CoreCivic, McMurtrey, and Killian.

To the extent Bell's motion to amend is meant to be a motion for reconsideration of the court's screening order, reconsideration of an interlocutory (nonfinal) order is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (quotation omitted); Local Rule 59-1(a). Bell does not identify newly discovered evidence or a change in the law that would require reconsideration. Nor does he state that the court committed clear error or made a decision that was manifestly unjust. The court therefore finds Bell does not meet the standard for reconsideration.

Given that the motion to amend is untimely, that it is unclear what Bell seeks to accomplish through amendment, and that Bell does not meet the standard for reconsideration of an interlocutory order, the court will deny Bell's motion to amend.

**VII. Motion for status report and teleconference (ECF Nos. 61, 62)**

Bell moves for a status report and a teleconference, stating he has not been able to meet and confer with defendants due to lockdowns at the facility where he is incarcerated. He specifically requests the status of dispositive motions. Defendants respond there is no need for a status report because the scheduling order set the dispositive motions deadline for June 3, 2019, and there are not any updates concerning dispositive motions. This order disposes of all pending motions in this case except for the pending dispositive motions, which the United States district judge will address in due course. Thus, there is not a need for a status report or a teleconference. The court therefore will deny Bell's motions without prejudice.

**VIII. Motion to amend scheduling order (ECF No. 63)**

Bell moves to amend the scheduling order, arguing he has various discovery-related motions pending before the court that have not been addressed. He states he seeks to prepare his case and proceed with a motion for summary judgment. He does not specify which deadlines he seeks to extend or state how long of an extension he is requesting. Defendants respond that all discovery and dispositive motions deadlines closed several months ago and that Bell does not articulate good cause or excusable neglect for his untimely request to modify the scheduling order.

As previously set forth in this order, Bell must establish good cause and excusable neglect to extend deadlines that already have expired. While Bell states that several motions were pending before the court, he does not demonstrate that he has acted diligently or explain how the pending motions precluded him from meeting other deadlines in the case or from timely requesting an extension of those deadlines. The court therefore will deny Bell's motion.

**IX. Conclusion**

IT IS THEREFORE ORDERED that Bell's Motion for Issuance of Subpoena Documents and Witness Forms (ECF No. 42) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court must mail to Bell courtesy copies of form AO 88, Subpoena to Appear and testify at a Hearing or Trial in a Civil Action; form AO 88A, Subpoena to Testify at a Deposition in a Civil Action; and form AO 88B, Subpoena to

Produce Documents, Information, or Objects or to Permit Inspection of a Premises in a Civil Action.

IT IS FURTHER ORDERED that CoreCivic and McMurtrey's Motion to Extend Time to File Discovery Motions (ECF No. 45) is DENIED as moot.

IT IS FURTHER ORDERED that Bell's Ex Parte Motion for Issuance of Subpoena Duces Tecum for Psychology Records (ECF No. 46) is DENIED without prejudice.

IT IS FURTHER ORDERED that Bell's Ex Parte Motion for Issuance of Subpoena Duces Tecum for Documents, Video Surveillance, and Photographs of the Incident (ECF No. 47) is DENIED without prejudice.

IT IS FURTHER ORDERED that the clerk of court must UNSEAL ECF No. 46 and ECF No. 47 so the documents are accessible to the public.

IT IS FURTHER ORDERED that CoreCivic and McMurtrey's Motion to Extend Time to File Dispositive Motions (ECF No. 49) is DENIED as moot.

IT IS FURTHER ORDERED that Bell's Motion to Extend Time to File Discovery Motions (ECF No. 50) is DENIED.

IT IS FURTHER ORDERED that Bell's Motion for Leave to Amend Complaint (ECF No. 51) is DENIED.

IT IS FURTHER ORDERED that Bell's Motion for Status Report and Teleconference (ECF Nos. 61, 62) is DENIED without prejudice.

IT IS FURTHER ORDERED that Bell's Motion for Scheduling Order to be Amended (ECF No. 63) is DENIED.

DATED: December 10, 2019

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE