UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cameron Bell,<br><br>    Plaintiff<br><br>v.<br><br>Core Civic, et al.,<br><br>    Defendants | Case No.: 2:17-cv-02709-JAD-BNW<br><br>**Order Denying Motion to Amend or Alter Judgment**<br><br>[ECF No. 80] |

Earlier this year, I granted summary judgment against Plaintiff Cameron Bell in his lawsuit against Core Civic and several of its employees for injuries that he claims he sustained when an officer let a door close on his neck.[1] I also denied Bell's motion for additional discovery to oppose the defendants' motion because he failed to show that relief under Federal Rule of Civil Procedure 56(d) was warranted, and, I found that his lack of diligence and disregard for the procedural rules weighed against granting his motion. Bell now moves under Rule 59(e) for an order altering or amending my earlier judgment, arguing that the evidence the defendants presented was speculative and that additional discovery would prove his version of the events.[2] The defendants respond that I already considered these arguments and that any new points do not meet the standard for Rule 59(e).[3] Because Bell has merely reiterated his attempt to compel discovery and has not presented new evidence that would change my original decision, I deny his motion.

---

[1] ECF No. 78 (order granting summary judgment).

[2] ECF No. 80 (motion to alter or amend judgment).

[3] ECF No. 81 (response).

### Discussion[4]

Rule 59(e) permits a trial judge to alter or amend a judgment in very limited scenarios.[5] The Ninth Circuit has cautioned against the frequent use of such a motion, explaining that it "should not be granted, absent highly unusual circumstances."[6] Reconsideration is only "appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."[7] This rule does not give parties a chance to relitigate previously decided issues or "raise arguments or present evidence for the first time" that "could reasonably have been raised earlier in the litigation."[8] And while pro se litigants are offered some leniency, they are not excused from following the rules.[9]

Bell's arguments fall into two categories: his Rule 56(f) discovery request should have been granted because additional discovery would have shown that Officer McMurtrey intentionally hit him with a door, and the defendants' evidence was speculative. But Bell fails to

---

[4] The parties are familiar with the factual allegations, so I do not repeat them here. For a full summary of Bell's allegations, see ECF No. 78 at 1–3, incorporated herein.

[5] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

[6] *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

[7] *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

[8] *Carroll*, 342 F.3d at 945; *see Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (explaining that "the purpose of Rule 59" is not to give parties a "forbidden 'second bite at the apple'").

[9] *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000).

show that any of these arguments warrant relief under Rule 59(e) because I already considered them and they could have been raised originally. So I deny his motion.[10]

**A.     Bell's previous Rule 56(f) request**

After the magistrate judge issued the screening order in January 2019, the deadline for discovery was April 17, 2019, and the deadline for discovery motions was May 2, 2019.[11] The magistrate judge noted that, under the Local Rules, a party must move to extend discovery at least 20 days before the cutoff date.[12] Bell submitted his first motion to compel discovery in November 2018, but failed to meet the procedural requirements to bring that motion.[13] Then in March 2019, Bell filed a request for subpoena and witness forms.[14] And eighteen days after the discovery-motion deadline, Bell filed a request for a 30-day extension.[15] But before the magistrate judge ruled on his motion, he filed a motion for summary judgment[16] and yet another motion for additional discovery under Rule 56(d) arguing that the video footage he requested would show that there was a genuine issue for trial.[17] The magistrate judge denied Bell's request because it was untimely and Bell failed to show good cause why he did not move to extend the deadlines until after they had expired.[18]

---

[10] Bell submitted a notice that he received a material fact from Core Civic's general counsel, which he contends is "newly discovered evidence." ECF No. 92. But the exhibit he provides is merely a denial of a records request that he submitted to the Nevada Southern Detention Center and does not show that a material fact exists that would alter my original calculus.

[11] ECF No. 35 at 2.

[12] *Id.* (quoting L.R. 26-4).

[13] ECF No. 34 (order denying motion to compel)

[14] ECF No. 42.

[15] ECF No. 50.

[16] ECF No. 67.

[17] ECF No. 59 at 2.

[18] ECF No. 70 at 6.

In resolving Bell's Rule 56(d) motion, I noted the rule's requirements and found that Bell failed to comply with them or other discovery rules.[19]  I found that his lack of diligence weighed against granting his request because it would cause further delay.[20]  Bell now argues that the delay occurred because the magistrate judge did not rule on his request for subpoena forms until after the deadline, so the reason for delay was not his fault.[21]  This is a new argument that Bell should have raised before, but it still does not alter my decision.  Bell's requests, in their varying forms, were all the same: he wanted photo and video evidence from the defendants.  But as I explained when I first considered this argument, Bell did not establish what facts he believed that discovery would show and how they related to the issues of his claim to defeat summary judgment.  While he now offers conclusory statements that certain footage is "relevant evidence," these statements still do not explain what facts that additional discovery would show and, regardless, his opportunity to do so has since passed.  Without new evidence or a change in the law, I cannot find that my original decision was incorrect.

**B.      Bell's new challenge to the defendants' evidence**

Once the defendants moved for summary judgment, Bell, instead of responding to their motion, filed a cross-motion for summary judgment.[22]  In his motion, he argued that he was entitled to summary judgment on all claims and attached a statement of undisputed facts, which he claimed responded to the defendants' motion.[23]  I determined that, based on the evidence presented, Bell could not prove causation or damages for his negligence claim or intent for his

---

[19] ECF No. 78 at 5.
[20] *Id.*
[21] ECF No. 82 at 2
[22] ECF No. 67.
[23] *Id.* at 11–14.

4

battery claim. I also held that Bell could not prevail on his negligent-infliction-of-emotional-distress claim or theory of respondeat superior liability because those claims depended on his negligence and battery claims.[24] The defendants provided Bell's treating physician's report, which detailed that Bell's injury was not caused by a door like he claimed, but was the result of an untreated infection.[25] I determined that because Bell's neck injury was the result of his refusal to take antibiotics and a mass on his neck that he had for the two years prior, there was no genuine dispute regarding whether the door incident caused his injury.[26]

Now, Bell argues that Dr. Craig's report is speculation and that it was manipulated, so he needs additional discovery to challenge the report.[27] But Bell's opportunity to challenge this report was in his response, not a later Rule 59(e) motion. And even if he had raised this argument, it would still not show a genuine issue of material fact. On summary judgment, evidence does not need to be admissible in its current form if its contents would ultimately be admissible at trial.[28] Here, Dr. Craig was Bell's treating physician, so his opinions about Bell's injury would be admissible at trial because he formed them when treating Bell.[29] Thus, Bell's challenge to Dr. Craig's report does not change my original decision.

Bell also challenges the defendant's video evidence—which showed that the door moved slowly, contradicting his claims—because it was not a video of the incident.[30] According to

---

[24] ECF No. 78 at 8, 9–10.

[25] *Id.* at 7.

[26] *Id.*

[27] ECF No. 80 at 3.

[28] *Romero v. Nev. Dep't of Corr.*, 673 F. App'x 641, 644 (9th Cir. 2016) (unpublished); *see* Fed. R. Civ. P. 56 advisory comm. note to 2010 amendment.

[29] *See Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011).

[30] ECF No. 80 at 3.

Bell, this proves that additional discovery should have been granted so he could show the door shutting on him.[31] But I already considered that the video was not of the incident. Instead, I held that no reasonable jury could find that McMurtrey caused Bell's condition given the door's sluggish pace.[32] Bell did not challenge the video's admissibility or provide any evidence that demonstrated that summary judgment was inappropriate. Thus, I decline Bell's invitation to reconsider my ruling because he did not initially raise this argument and does not provide me with new evidence to consider.

## Conclusion

IT IS THEREFORE ORDERED that Bell's motion to alter or amend judgment **[ECF No. 80] is DENIED**.

                                                  _____
U.S. District Judge Jennifer A. Dorsey
October 9, 2020

---

[31] *Id.*

[32] ECF No. 78 at 7–8.