## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Cameron Bell,<br><br>      Plaintiff<br><br>v.<br><br>Core Civic, et al.,<br><br>      Defendants | Case No.: 2:17-cv-02709-JAD-BNW<br><br>**Order Denying Motions to Reopen Case and for Relief from Judgment**<br><br>[ECF Nos. 106, 113] |

    Nearly two years ago, this court granted summary judgment against Plaintiff Cameron Bell in his lawsuit against Core Civic and several of its employees for injuries that he claims he sustained because a corrections officer let a door close on his neck.[1] Bell moved to alter or amend that judgment, arguing among other things that a video of a closing door, which the defendants presented to show that the door moved too slowly to cause the harm that Bell claimed, was not a video of the incident itself. He also contended that the defendants had "knowledge of video footage of the incident and failed to present" it based on excuses about prison-security concerns.[2] The court denied that motion,[3] and Bell appealed to the Ninth Circuit, which affirmed in all respects.[4]

    Bell has since filed two more motions seeking relief from the judgment.[5] In the first, he reiterates his challenge to the video of the door closing, this time characterizing the presentation

---

[1] ECF No. 78 (order granting summary judgment).
[2] ECF No. 80 at 3–4 (motion to alter or amend judgment).
[3] ECF No. 93 (order denying Rule 59 motion).
[4] ECF No. 105 (Ninth Circuit memorandum).
[5] ECF Nos. 106, 113.

of that video and the failure to turn over video of the incident as a "fraud" on the court.[6]  In the second, he argues that the respondents' failure to oppose that motion constitutes their consent to grant it.[7]  As the defendants point out in their opposition to Bell's first motion, his video-evidence argument is a regurgitation of his earlier points, which have been repeatedly rejected by this court and now the Ninth Circuit.[8]  And although Local Rule 7-2 permits the court to deem a party's failure to respond to a motion as their consent to grant it, the defendants *did* respond to Bell's motion,[9] so Rule 7-2 does not apply here.  Because Bell has provided no valid basis for relief from this final judgment that has been affirmed on appeal, I deny his motions.

IT IS THEREFORE ORDERED that Bell's Motion for Leave to Reopen Case to File Motion Under Federal Rule of Civil Procedure 60(b)(3) and 60(d)(3), and his Motion for a Court Order to Grant Motion for Leave to Reopen Case to File Motion under Fed. R. Civ. P 60(b)(3) and (d)(3) **[ECF Nos. 106, 113] are DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
January 4, 2022

---

[6] ECF No. 106 at 2–4.
[7] ECF No. 113 at 2.
[8] ECF No. 111 (defendants' response to motion for leave to reopen case to file motion under FRCP 60(b)(3)).
[9] *See id.*